Nott, Ch. J.,
delivered the opinion of the court:
The question which arises in these and in a number of cases is, whether the claimants have proved the condemnation of their vessels in a French prize court by competent evidence.
The fundamental principle of the law of evidence is that a party shall produce the best evidence which the nature of the case admits of. The rules of evidence are little more than applications of this principle.
*469 The best evidence of a decree of condemnation is the record of the tribunal. In these cases the claimants have shown to the satisfaction of the court that the records of the French courts have been destroyed. This opens the door to secondary evidence.
The best secondary evidence of a written instrument is a copy. At this time, after the lapse of a hundred years, it does not appear and can not be shown that a copy exists, and the claimants produce, instead of a literal copy, a translation. A translation is a kind of copy — inferior to that of a literal copy, but still a copy of the thought and meaning of the original, expressed in another language, and the question here is whether this translation is admissible to establish the general fact of condemnation.
The course of business and the usage of merchants and insurers at the time of the capture of these vessels was that the master brought home a copy of the decree of condemnation and of his own protest, both in the French language, which he deposited with his owners. The owners then had translations made and certified, which they gave to their insurers, exhibiting doubtless, for inspection if desired, the original in the French language. These translations now before the court come from the proper source, the business custodians; that is to say, from the office of the insurers. Being ancient documents, so found, they prove themselves. The verity of the translation, moreover, is shown by the fact that the parties mutually treated it as a true translation of an authenticated decree, the one paying the insurance on the faith of it, and the other making a total abandonment of the vessel or cargo, or both, to the insurers. If these long-past transactions were contemporaneous with the prosecution of these cases, the claimants would, of course, be obliged to call the owners as witnesses to produce or show the loss of the copies of the decrees, arid then to call the translator to prove his translation. After this lapse of years those prerequisites of ordinary cases are, of course, impossible. The claimants have, therefore, produced the best evidence which the nature of the case now admits of, and the fact that the parties acted upon the faith of the translations is the highest moral evidence of its veritju *470 The underwriters paid away thousands upon thousands of dollars to the owners of these captured vessels at a time when all of the circumstances of each case were easily susceptible of verification, and wo may rest assured that business men having full knowledge of their rights and responsibilities would not have done so without having before them irrefutable evidence of their own liabilities.
The order of the court is that this case be reported to Congress, together with a copy of this opinion.